```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL A. RODRIGUEZ,              :
                                  :
        Petitioner                :    No. 1:15-CV-00017
                                  :
    vs.                           :    (Judge Kane)
                                  :
WARDEN DAVID J. EBBERT,           :
                                  :
        Respondent                :
```

## MEMORANDUM

### Background

Daniel A. Rodriguez, an inmate at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he named David J. Ebbert, Warden of USP-Lewisburg, as the Respondent. Doc. 1, Rodriguez's Petition. Rodriguez claims that his due process rights were violated during the course of a prison disciplinary hearing held on October 13, 2013, at the United States Penitentiary at Atwater ("USP-Atwater), California. Id. Rodriguez was found guilty under prison regulations relating, inter alia, to abuse of phone and mail privileges. Id. Rodriguez received sanctions, including the loss of Good Conduct Time credit. Id. Rodriguez requests that all sanctions imposed on him be discharged. Id. Rodriguez paid the $5.00 filing fee.

The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C.

foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof.[1] For the reasons set forth below, the petition will be dismissed summarily.

Discussion

On page 4 of the petition Rodriguez admits that he did not pursue any Bureau of Prison's administrative remedies.

The Court has authority under 28 U.S.C. § 2241 to review disciplinary sanctions imposed by the Bureau of Prisons for violating prison regulations. However, this court may do so only after the petitioner has exhausted his available BOP's administrative remedies. United States v. Wilson, 503 U.S. 329 (1992); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). If a petitioner fails to exhaust administrative remedies, the district court must dismiss the petition. Callwood, 230 F.3d at 634.

The BOP has established an administrative remedy procedure, which is set forth at 28 C.F.R. § 542.10 et seq., whereby a federal prisoner may seek formal review of any aspect of his imprisonment. Inmates must first informally present their complaints to staff, and staff shall attempt to informally resolve

---

1. Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden for the institution where he is confined. Id. at § 542.14(a). If dissatisfied with the response, the inmate may then appeal an adverse decision to the Regional Office and then to the Central Office of the BOP. Id. at §§ 542.15(a). No administrative remedy appeal is considered to have been fully and finally exhausted until it has been denied by the Bureau of Prison's Central Office. Id.

In this case it is clear based on Rodriguez's admission set forth in the petition that he failed to comply with the administrative remedy procedures set forth in 28 U.S.C. § 542.10 et seq. Furthermore, the time in which Rodriguez could pursue such remedies has long expired.

"[F]ailure to satisfy the procedural rules of the [Bureau of Prisons'] administrative process constitutes a procedural default." Moscato, 98 F.3d at 760-761 (citing Francis v. Rison, 894 F.2d 353,355 & n.2 (9th Cir. 1990); Sanchez v. Miller, 792 F.2d 694, 697 (7th Cir. 1986)). If a default renders the administrative process unavailable, review of a habeas claim is barred "absent a showing of cause and prejudice[.]" Id. at 761.

Cause is generally only established where the petitioner shows that "some external objective factor

impeded" his or her efforts to comply with the BOP's administrative remedy provisions. See Murray v. Carrier, 477 U.S. 478, 488 (1986). As the United States Court of Appeals for the Second Circuit has noted, where "legitimate circumstances beyond the prisoner's control preclude him from pursuing his administrative remedies," cause is established. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001). Rodriguez has not explained his failure to pursue the administrative remedies provided for by Bureau of Prison's regulations. He merely claims that habeas petitions are not subject to the Prison Litigation Reform Act's exhaustion requirements. As noted above this is not the case. Callwood, 230 F.3d at 634. The court discerns no external objective factor which prevented Rodriguez from pursuing his available administrative remedies.

Rodriguez has not shown good cause for his failure to file a timely administrative appeal. Consequently, Rodriguez's petition must be dismissed.

Finally, because Rodriguez is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

An appropriate order will be entered.

                     S/ Yvette Kane
                     Yvette Kane
                     United States District Judge

Date: April 9, 2015